

# THE ATTORNEY GENERAL
# OF TEXAS

June 18, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Charles D. Penick          Opinion No. JM-723
Criminal District Attorney
Bastrop County Courthouse            Re:  Funding responsibilities
Bastrop, Texas  78602                of the city of Bastrop under
                                     the Indigent Health Care Act

Dear Mr. Penick:

You ask about the responsibility for the funding of health care services for indigent persons who are residents of the city of Bastrop. Your inquiry is whether the county is obligated to provide health care services to indigent residents of the city under Title 2 of the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., or whether the city is obligated to fund such services under Title 3 of that act.

You advise us that the Bastrop Hospital Authority was created by the city of Bastrop in 1965 to finance the construction of the Bastrop Memorial Hospital. The hospital was opened in 1966 and was operated by the hospital authority until July, 1983. Since that date, the hospital has been leased to private entities who operate the hospital. It is our opinion that the Bastrop Memorial Hospital is a "public hospital" under Title 3 of the Indigent Health Care Act and that the city which created the hospital authority is liable for sufficient funding to the public hospital or to the hospital authority to provide the health care assistance required by the act.

Section 1.02(10) of the Indigent Health Care Act expressly defines a public hospital as a "hospital owned, operated, or leased by a governmental entity." According to section 1.02(6), a governmental entity "includes a county, city, town, hospital authority, or other political subdivision of the state, but does not include a hospital district." Since a hospital authority is a governmental entity as the term is defined by section 1.02 and the Bastrop hospital is owned by the hospital authority, we conclude that it is owned by a governmental entity and is a public hospital within the meaning of the Indigent Health Care Act. As a public hospital, the hospital has a duty to provide health care assistance to eligible residents of the city under Title 3 of the act. Since the city created the hospital authority, the city is liable for providing sufficient funding to the public hospital or to the hospital authority to provide the health care

assistance required by the act.  See V.T.C.S. art. 4438f, §§10.02, 12.03.  See also Attorney General Opinion JM-603 (1986) (County with public hospital owned by a county hospital authority and leased by it to a corporation that operates the hospital).

A county is obligated to provide health care assistance only to eligible residents of the county who do not reside within the area that a public hospital or hospital district has a legal obligation to serve.  See V.T.C.S. art. 4438f, §2.02.  Hence, the county is not obligated to provide health care to indigent residents of the city of Bastrop.  See Attorney General Opinion Nos. JM-637, JM-626 (1987); JM-603 (1986).

We pointed out in Attorney General Opinion JM-626 that, in our opinion, the term "public hospital" as used in section 10.02(a) includes both the owner and operator of such a hospital.  We concluded in that opinion that, when a hospital is owned by one entity and operated by another, the legislature intends "sufficient funding" to be a matter to be negotiated between the entities and to be a decision of both, with the operator of the hospital presenting information necessary for the decision.  It is our opinion that the legislature does not intend the governmental entity that owns a hospital to simply reimburse the operator for all services rendered to indigents.

It has been suggested that section 14.01 of the Indigent Health Care Act impliedly exempts the city of Bastrop from the funding requirement of section 12.03 because the Bastrop Memorial Hospital has been leased to a private entity since 1983.  We do not agree with that interpretation of section 14.01.

Section 14.01 provides that:

> Notwithstanding any other provision of law, if a public hospital owned, operated, or leased by a governmental entity is sold or leased to another person on or after January 1, 1985, the sale or lease of the public hospital does not affect the governmental entity's obligation to continue to serve residents who were eligible for assistance during the hospital's last full operating year that ended before January 1, 1985, or the obligation to provide the health care services the public hospital provided during that period.

V.T.C.S. art. 4438f, §14.01.  The provision merely relates to the effect that a transfer of the ownership or operation of a public hospital after January 1, 1985 will have on eligibility standards for health care assistance and on the health care services that are provided.

In Attorney General Opinion JM-603, we discussed standards for determining eligibility for health care assistance under Title 3 of the act. Section 10.02(b) provides that a person is eligible for assistance under Title 3 if the person resides in an area served by a public hospital and the person meets the basic income and resources requirements established by the Texas Department of Human Services or meets a less restrictive income and resources standard adopted by the public hospital serving the area. Under section 10.02(f), a public hospital may adopt a less restrictive standard at any time, and under section 10.02(c), a public hospital that used a less restrictive standard during the operating year that ended before January 1, 1985, must adopt that less restrictive standard for the purpose of determining eligibility. In addition, under section 10.02(d), a public hospital that had a Hill-Burton obligation during part of the operating year that ended before January 1, 1985, and did not use an income and resources standard during that year, is required to adopt the standard the hospital used to meet its Hill-Burton obligation. Section 14.01 establishes that a sale or lease of a public hospital on or after January 1, 1985, does not affect the governmental entity's obligation to continue to serve residents who were eligible for assistance during the hospital's last full operating year that ended before January 1, 1985.

Section 11.01 of the act provides, in part, that:

> (a) Each public hospital shall provide the inpatient and outpatient hospital services a county is required to provide under Subdivision (1) of Subsection (a) of Section 3.01 of this Act.
>
> (b) If a public hospital provided additional health care services to eligible residents during the operating year that ended before January 1, 1985, the hospital shall continue to provide those services.
>
> (c) A public hospital may provide additional health care services.

V.T.C.S. art. 4438f, §11.01. Section 14.01 also provides that a sale or lease of a public hospital on or after January 1, 1985, does not affect the governmental entity's obligation to continue to provide the health care services that a public hospital provided during the hospital's last full operating year that ended before January 1, 1985.

Section 14.01 establishes that the sale or lease of a public hospital after January 1, 1985 does not enable a governmental entity to rid itself of its obligation to serve residents who would be qualified for health care assistance during the operating year prior

to January 1, 1985 or its obligation to provide the health care services provided during that period.  It does not exempt a governmental entity from the funding requirements of sections 10.02(a) and 12.03 where a governmental entity owns a public hospital that it leased to another entity prior to January 1, 1985.

### S U M M A R Y

As the city that created the hospital authority which owns the Bastrop Memorial Hospital, the city of Bastrop is liable for sufficient funding to the public hospital or to the hospital authority to provide the health care assistance required by Title 3 of the Indigent Health Care and Treatment Act.  Section 14.01 of the act relates to the effect that a sale or lease of a public hospital after January 1, 1985 will have on eligibility standards for receiving health care assistance and on the health care services that are provided.  It does not impliedly exempt the city from the funding requirements of Title 3 when the hospital has been leased to a private entity since 1983.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General